IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PETER R. TIA,<br><br>        Plaintiff,<br><br>vs.<br><br>HONOLULU POLICE<br>DEPARTMENT, *et al.*,<br><br>        Defendants. | CIVIL NO. 17-00607 DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENTOF COUNSEL** |

## **INTRODUCTION**

On December 26, 2017, Plaintiff Peter R. Tia, proceeding pro se, filed a Complaint against several federal, state, and municipal entities and private individuals alleging violations of his federal civil rights.[1] Dkt. No. 1. On December 27, 2017, the district court issued a deficiency order directing Tia to either pay the applicable filing fee or to submit a completed *in forma pauperis* application within twenty-eight days. Dkt. No. 4. On January 24, 2018, Tia filed an Application to proceed *in forma pauperis* ("IFP Application"), and on February 2,

---

[1]Defendants include the Honolulu Police Department ("HPD"), Federal Bureau of Investigation ("FBI"), "Tennessee FBI," "Los Angeles, CA FBI," FBI Agent Rachel Bird, Bishop Hans Taʻala of Halawa Correctional Facility ("HCF") Clergy, "Unknown Mormons," "Unknown Whites at YMCA Nuuanu," "Hackers," "Govt. FBI Hackers Does 1-10," "All Defendants from USDC Hon. Case # CV 17-00523 RLP," "Plaintiff's Family Members Does 1-10,"and "Any Others Per Investigations Pursuant to Law."

2018, he filed a Motion for Appointment of Counsel.² Dkt. Nos. 5 and 6. The Court GRANTS the IFP Application.³ Tia's Complaint, however, fails to include factual allegations demonstrating that his rights have been violated or that he is plausibly entitled to relief from any Defendant. Because Tia fails to state a claim for relief, the Complaint is DISMISSED with limited leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The Motion for Appointment Counsel is denied without prejudice, pending the filing of an amended complaint.

## DISCUSSION

Because Tia is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled

---

²Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

³Tia is a former prisoner who has accrued three strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Tia v. Head of the United States Court of Appeal for the Ninth Circuit*, 2017 WL 2951423, at *1 (D. Haw. July 10, 2017) (citing *Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010)). Because he is no longer incarcerated, however, Section 1915(g)'s exception—allowing a new civil action to proceed IFP only when a prisoner is in imminent danger of serious physical injury—does not apply.

to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). Although he is proceeding pro se, Tia is more than familiar with his federal court filing and pleading responsibilities, given his numerous prior actions.[4]

## I. **Plaintiff's IFP Application Is Granted**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[4]Tia has filed over 75 civil actions in this district alone. *See, e.g.*, 1:08-cv-00575 HG-BMK; 1:10-cv-00383 SOM-BMK; 1:10-cv-00441 DAE-BMK; 1:11-cv-00098 HG-KSC; 1:11-cv-00352 SOM-RLP; 1:11-cv-00421 JMS-KSC; 1:11-cv-00459 LEK-KSC; 1:12-cv-00158 HG-BMK; 1:12-cv-00246 DAE-BMK; 1:12-cv-00295 LEK-KSC; 1:12-cv-00324 JMS-BMK; 1:12-cv-00351 LEK-KSC; 1:12-cv-00374 SOM-RLP; 1:12-cv-00383 HG-RLP; 1:12-cv-00473 LEK-RLP; 1:12-cv-00488 JMS-RLP; 1:12-cv-00573 JMS-BMK; 1:12-cv-00625 SOM-BMK; 1:13-cv-00075 JMS-BMK; 1:13-cv-00110 JMS-KSC; 1:13-cv-00118 LEK-RLP; 1:13-cv-00157 LEK-KSC; 1:13-cv-00160 SOM-KSC; 1:13-cv-00179 JMS-RLP; 1:13-cv-00187 HG-RLP; 1:13-cv-00194 JMS-RLP; 1:13-cv-00226 HG-RLP; 1:13-cv-00335 DKW-RLP; 1:13-cv-00451 JMS-KSC; 1:15-cv-00075 JMS-BMK; 1:15-cv-00107 LEK-RLP; 1:15-cv-00159 DKW-BMK; 1:15-cv-00199 JMS-KSC; 1:15-cv-00215 DKW-BMK; 1:15-cv-00351 SOM-RLP; 1:16-cv-00033 LEK-BMK; 1:16-cv-00421 LEK-KJM; 1:16-cv-00483 DKW-KSC; 1:16-cv-00522 SOM-KSC; 1:16-cv-00523 DKW-KJM; 1:16-cv-00604 DKW-RLP; 1:16-cv-00633 LEK-RLP; 1:16-cv-00645 JMS-KSC; 1:17-cv-00025 DKW-KJM; 1:17-cv-00026 JMS-RLP; 1:17-cv-00027 SOM-KSC; 1:17-cv-00028 LEK-RLP; 1:17-cv-00041 SOM-KSC; 1:17-cv-00043 LEK-KSC; 1:17-cv-00089 LEK-KSC; 1:17-cv-00092 LEK-RLP; 1:17-cv-00093 LEK-RLP; 1:17-cv-00094 JMS-KSC; 1:17-cv-00095 SOM-KSC; 1:17-cv-00097 LEK-KSC; 1:17-cv-00099 DKW-KSC; 1:17-cv-00100 JMS-KJM; 1:17-cv-00102 LEK-KSC; 1:17-cv-00136 LEK-KSC; 1:17-cv-00161 DKW-RLP; 1:17-cv-00191 JMS-KJM; 1:17-cv-00205 SOM-KJM; 1:17-cv-00236 DKW-RLP; 1:17-cv-00249 DKW-KSC; 1:17-cv-00284 LEK-RLP; 1:17-cv-00303 HG-RLP; 1:17-cv-00310 SOM-KJM; 1:17-cv-00312 DKW-KSC;1:17-cv-00369 JMS-KJM; 1:17-cv-00412 DKW-KSC; 1:17-cv-00433 LEK-KJM; 1:17-cv-00452 LEK-KJM; 1:17-cv-00523 JMS-RLP; 1:17-cv-00612 JMS-RLP; 1:18-cv-00040 HG-KSC. *See* PACER Case Locator, *available at* http://pcl.uscourts.gov.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that following his release from prison, Tia has been sporadically employed in an hourly capacity, but does not work regularly due to disability. He currently receives $677.00 in disability insurance benefits and $93.00 in supplemental security income per month. Based upon the IFP Application, Tia's income falls below the poverty threshold identified by the

Department of Health and Human Services ("HHS") 2018 Poverty Guidelines. *See* Annual Update of the HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Tia has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II. **The Complaint Fails To State A Claim And Is Dismissed**

Upon review of the Complaint, the Court finds that Tia fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A. **Standard of Review**

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter*

*Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of

misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Tia fails to meet this standard.

### B. The Complaint Fails To State A Claim For Relief

As a preliminary matter, the Court observes that Tia has recently filed other actions based upon what appear to be similar incidents against many of these same Defendants, at least one of which has been summarily dismissed pursuant to the court's Section 1915 screening.[5] This Court has also dismissed a prior civil rights lawsuit seeking damages related to Tia's anti-global warming satellite invention, which is one of the several grievances raised in the instant case.[6] Although it

---

[5] *See, e.g., Tia v. Honolulu Police Dep't*, Civil No. 17-00523 JMS-RLP, Dkt. No. 13 (D. Haw. Jan. 4, 2018) (dismissing frivolous complaint, noting that "[a]ny potential constitutional claim is based on the fantastic, irrational, and delusional theory that the FBI, HPD, [Halawa Correctional Facility], [Tennessee Dept. of Corrections], or their agents and officers are somehow connected to a 'homosexual mafia' that seeks to harm Plaintiff through: (1) Bird cutting off Plaintiff's unlimited data plan; (2) DeCaires threatening to harm and arrest Plaintiff rather than enforce Plaintiff's contractual rights against Walmart; and (3) all Defendants seeking to kill Plaintiff."); *see also Tia v. Am. Savings Bank,* Civil No. 17-00612 JMS-RLP (in which Tia requests the arrest of FBI Agent Bird, who allegedly obstructed his ability to withdraw money from an ATM and conspired with a state court judge).

[6] Tia alleges that, due to unspecified conduct by Bird and "hackers," he has been "blocked [in his] attempts to email Dr. [Luke] Flynn" of "UH Manoa's NASA Program in relation[] to one of Plaintiffs inventions cited in this court's 2015 May filing No. CV 15-00159 DKW-BMK[.]" Compl. at 3. Tia alleges that, "to this day [he] has not been able to contact Dr. Flynn to corroborate making a satellite to prevent global warming[,] billions or trillions of dollars net worth to Plaintiff!" *Id.*

The Court previously dismissed as frivolous Tia's claims for damages relating to this same invention, in which he alleged that "Defendants violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments [and] Defendants conspired to injure his business or property (his anti-global warming satellite), through racketeering activity under the Racketeer

7

alleges claims for retaliation (Count I), "obstruction per conspiracy" (Count II), "conspiracy II" (Count III), and "more internet–data violations" (Count IV), the current Complaint, like its predecessors, fails due to the lack of cognizable legal theories or coherent facts.

The Complaint attempts to string together several unrelated incidents. For example, Tia claims that his Gmail account was hacked, refers to HPD incident reports in which he reported a stolen bike, and documents a patent attorney's failure to help with an invention. *See* Exs. 2–6, Dkt. Nos. 1-2 through 1-7. He also alleges:

> On 12-20-2017, Plaintiff tried to contact on internet to hopefully receive a job [at website]. The day before, the Plaintiff was followed by defendants FBI outta Tennessee tie[d] to also Defendant Bird as he was at [jobs website] company. Now as a result they are destructing thru cited in caption Mormon hackers does 1–10 (see exhibit 1) by not allowing the site to be reached by Plaintiff to deter plaintiff from making money in hopes to make him homeless!

Compl. at 2. Tia seeks the following relief for his injuries:

> Declare Plaintiff's claims are true and reasonable against defendants! Injunction to stop and prevent all unlawful violations against Plaintiff! RICO Act Govt. U.S. Attorneys Intervention per 28 U.S.C. § 1961(7–8) prosecutions! [$]20

---

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 (7-8)." *Tia v. Staggs*, Civil No. 15-00159 DKW-BMK, Dkt. No. 4 (D. Haw. May 5, 2015); Dkt. No. 11 (9th Cir. Aug. 10, 2015) (dismissing appeal No. 15-16098).

> million punitive and [$]15 million compensation lost wages. Any other reliefs.

Compl. at 6.

The Complaint is deficient for several reasons. First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Tia's continued attempt to collect proceeds for his anti-global warming satellite invention and allegations that his accounts and data were hacked by the government or unknown actors to prevent him from obtaining employment. *See* Compl. at 3. These implausible and unsubstantiated claims are

9

frivolous. *See, e.g., Mendes v. United States*, 88 Fed. Cl. 759 (Fed. Cl.), *appeal dismissed*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against plaintiff); *Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29, 2016) (dismissing as frivolous complaint alleging that city and state agencies and officials conspired to harm plaintiff by failing to stop the spraying of deadly poison in residence); *Cain v. City of Ventura*, 2011 WL 4403290, at *1 (C.D. Cal. July 7, 2011) (collecting cases).

Second, insofar as he seeks damages for violations of his federal constitutional rights, Tia fails to state a Section 1983 claim.[7] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even though he vaguely asserts a violation of his Fourteenth Amendment rights, Tia's factual allegations supporting the claim are largely

---

[7]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

incomprehensible. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, Tia's Section 1983 claims are dismissed. Insofar as he asserts that these acts constitute the basis for a civil RICO claim, he likewise falls short of stating a plausible claim for relief.[8]

Finally, to the extent he complains of acts that were the subject of prior judicial proceedings, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral

---

[8]To allege a federal racketeering claim, Tia must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The Complaint does not sufficiently plead any of these elements. Tia, for instance, does not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).

estoppel (or "claim preclusion" and "issue preclusion").[9]  Because the Court cannot determine with any certainty whether Tia has actually raised all of these claims or issues, and whether any body has entered a final judgment on the merits, it is not clear whether either of these doctrines presently bars Tia's present allegations.  Tia is cautioned, however, that these doctrines may operate to bar any claims or issues that were decided in his prior cases.

In sum, because Tia fails to state a plausible claim for relief, the Complaint is DISMISSED.  Because amendment of some claims *may* be possible, Tia is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

### III. The Motion For Appointment Of Counsel Is Denied Without Prejudice

Tia's Motion for Appointment of Counsel asserts that he has "a 6th Amend. Right to counsel," and that this is a "complex case [that] involves computer technology and criminal laws!"  Dkt. No. 6.  He fails, however, to explain his efforts to obtain legal counsel and the specific reason he needs court-appointed

---

[9] "[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted).  "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action."  *Id.* (citation omitted).

counsel in this matter. Under the circumstances, the Court is unable to assess his request at this time.

A district court may, under the discretionary authority conferred upon it under 28 U.S.C. § 1915(e)(1), designate counsel to represent an indigent civil litigant. There is no absolute right to counsel in civil proceedings, *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), and counsel may be designated under section 1915 only in "exceptional circumstances." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915. *Wilborn*, 789 F.2d at 1331.

Because the Court has dismissed Tia's Complaint and granted leave to amend in accordance with the terms of this Order, his Motion for Appointment of Counsel is denied without prejudice, pending the filing of an amended complaint.

## IV. Limited Leave To Amend Is Granted

The dismissal is without prejudice, and Tia is granted limited leave to amend to attempt to cure the deficiencies identified above. If Tia chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Tia fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice

14

need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Tia may include only one claim per count. Failure to file an amended complaint by **March 2, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Tia's IFP Application is GRANTED (Dkt. No. 5), the Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE (Dkt. No. 6), and the Complaint is DISMISSED with limited leave to amend (Dkt. No. 1).

///

///

///

///

Tia is granted limited leave to file an amended complaint in accordance with the terms of this Order by **March 2, 2018**. The Court CAUTIONS Tia that failure to file an amended complaint by **March 2, 2018** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: February 7, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Tia v. Honolulu Police Dep't*; Civil No. 17-00607 DKW-KJM; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**