IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PETER R. TIA,<br><br>  Plaintiff,<br><br>  vs.<br><br>HONOLULU POLICE<br>DEPARTMENT, *et al.*,<br><br>  Defendants. | CIVIL NO. 17-00607 DKW-KJM<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

On December 26, 2017, Plaintiff Peter R. Tia, proceeding pro se, filed a Complaint against several federal, state, and municipal entities and private individuals alleging violations of his federal civil rights.[1] Dkt. No. 1. On December 27, 2017, the district court issued a deficiency order directing Tia to either pay the applicable filing fee or to submit a completed *in forma pauperis* application within twenty-eight days. Dkt. No. 4. On January 24, 2018, Tia filed an application to proceed *in forma pauperis* ("IFP Application"), and on February 2,

---

[1]Defendants include the Honolulu Police Department ("HPD"), Federal Bureau of Investigation ("FBI"), "Tennessee FBI," "Los Angeles, CA FBI," FBI Agent Rachel Bird, Bishop Hans Taʻala of Halawa Correctional Facility ("HCF") Clergy, "Unknown Mormons," "Unknown Whites at YMCA Nuuanu," "Hackers," "Govt. FBI Hackers Does 1-10," "All Defendants from USDC Hon. Case # CV 17-00523 RLP," "Plaintiff's Family Members Does 1-10,"and "Any Others Per Investigations Pursuant to Law."

2018, he filed a Motion for Appointment of Counsel. Dkt. Nos. 5 and 6. In a February 7, 2018 Order, the Court granted the IFP Application, dismissed the Complaint with leave to amend, and denied without prejudice the Motion for Appointment of Counsel, pending the filing of an amended complaint. Dkt. No. 7 (2/7/18 Order). The 2/7/18 Order granted Tia until March 2, 2018 to file an amended complaint in order to cure the deficiencies identified in the original Complaint. Tia has yet to file an amended complaint or respond to the Court's 2/7/18 Order in any other fashion.[2] As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291

---

[2]On March 2, 2018, Tia filed a Notice of Change of Address, in person with the Clerk's Office, which provided a cellular telephone number and requested that the Clerk's Office contact him when documents are available for pick up. *See* Dkt. No. 10 (3/2/18 Notice of Change of Address). Tia's March 2 filing, however, did not address the 2/7/18 Order.

F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 2/7/18 Order was clear:

> Because Tia fails to state a claim for relief, the Complaint is DISMISSED with limited leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The Motion for Appointment Counsel is denied without prejudice, pending the filing of an amended complaint.
>
> ****
>
> In sum, because Tia fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment of some claims *may* be possible, Tia is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.
>
> ****
>
> The dismissal is without prejudice, and Tia is granted limited leave to amend to attempt to cure the deficiencies identified above. If Tia chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific

basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Tia fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Tia may include only one claim per count. Failure to file an amended complaint by **March 2, 2018** will result in the automatic dismissal of this action without prejudice.

    \*\*\*\*

Based upon the foregoing, Tia's IFP Application is GRANTED (Dkt. No. 5), the Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE (Dkt. No. 6), and the

> Complaint is DISMISSED with limited leave to amend (Dkt. No. 1).
>
> Tia is granted limited leave to file an amended complaint in accordance with the terms of this Order by **March 2, 2018**. The Court CAUTIONS Tia that failure to file an amended complaint by **March 2, 2018** will result in the automatic dismissal of this action without prejudice.

2/7/18 Order at 2, 12, 14–16.

Tia's failure to comply with the 2/7/18 Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Tia offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Tia failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 2/7/18 Order at 14–16. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Tia's failure to file an amended complaint, as directed by the Court in its 2/7/18 Order.

The Court attempted to avoid outright dismissal of this action by granting Tia the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are no longer adequate here, given Tia's voluntary failure to comply with the Court's Order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: March 6, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Tia v. Honolulu Police Dep't et al.* CV NO. 17-00607 DKW-KJM; **ORDER DISMISSING CASE**